Larry D. Simons CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
Frank X. Ruggier CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Howard B. Grobstein, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>TIMOTHY and ESMERALDA AITKEN, husband and wife<br><br>Debtors. | Case No. 6:19-bk-10556 MH<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**<br><br>[11 U.S.C. §§ 544, 548 and 550 and Cal. Civil Code § 3439] |
| HOWARD B. GROBSTEIN, Solely in his capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ALICIA AITKEN an individual<br><br>Defendant. | DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: Courtroom 303<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE DEFENDANT:**

For his Complaint to Avoid and Recover Fraudulent Transfer (the "Complaint") against the defendant, Alicia Aitken (the "Defendant"), plaintiff Howard B. Grobstein, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtors Timothy and Esmeralda Aitken (the "Debtors") hereby alleges as follows:

///

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (H), (M) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. This proceeding is brought pursuant to 11 U.S.C. §§ 548 and 550, California Civil Code § 3439 and Rules 7001(1), (3) and (9) of the Federal Rules of Bankruptcy Procedure.

3. Plaintiff, Howard B. Grobstein (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled *In re Timothy and Esmeralda Aitken*, bearing Case No. 6:19-bk-10556 MH (the "Bankruptcy Case").

4. Debtors are the Chapter 7 debtors in the Bankruptcy Case, and initiated this case by filing a voluntary Chapter 7 petition on January 23, 2019 (the "Petition Date").

5. Plaintiff is informed and believes that Defendant is an individual residing within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Trustee is seeking to recover for the benefit of creditors the transfer of equity in that certain real property commonly known as 6919 Elmwood Road, San Bernardino, CA 92404 (the " Property").

7. The Trustee is informed and believes, and based thereon, alleges that on or around September 1, 2017, less than two (2) years prior to the Petition Date, Debtors transferred the Property to Defendant.

8. On the Closing Statement related to the sale of the Property to Defendant, there is a line item for "Gift of Equity" in the amount of $29,310.00. A true and correct copy of the Closing Statement is attached hereto as Exhibit "1."

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

9. Trustee is informed and believes, and based thereon, alleges that Gift of Equity is a transfer, as defined within the meaning of 11 U.S.C. § 101 (54) (the "Transfer").

10. Trustee is informed and believes and, based thereon, alleges that the Property is located in the Central District of California.

11. Trustee is informed and believes and, based thereon, alleges that at the time of the Transfer, the Property had a fair market value of no less than approximately $195,000.00.

12. Trustee is informed and believes, and based thereon, alleges that at the time of the Transfer, the Property was encumbered by a trust deed in favor of Residential Bancorp in the approximate amount of $155,531.66. Therefore, there was significant equity in the Property at the time of the Transfer.

13. Trustee is informed and believes and, based thereon, alleges that the Transfer affected a transfer of all or substantially all of Debtors' assets.

14. Trustee is informed and believes and, based thereon, alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 that could avoid the Transfer under applicable California law.

## FIRST CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

**[11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(1)]**

15. Plaintiff realleges each and every allegation contained in paragraphs 1 through 14 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

16. Plaintiff is informed and believes and, based thereon, alleges that the Transfer was made with the actual intent to hinder, delay or defraud Debtors' creditors.

17. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(1).

///

///

///

///

## SECOND CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05]

18. Plaintiff realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

19. Plaintiff is informed and believes and, based thereon, alleges that the Transfer was made for less than reasonably equivalent value at a time when Debtors were insolvent or as a result of which Debtor became insolvent.

20. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05.

## THIRD CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(A)]

21. Plaintiff realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

22. Plaintiff is informed and believes and, based thereon, alleges that the Transfer was made without Debtor receiving reasonably equivalent value in exchange for the Transfer, and that at the time of the Transfer Debtors were engaged or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

23. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(A).

## FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(B)]

24. Plaintiff realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

///

///

25. Plaintiff is informed and believes, and based thereon, alleges that the Transfer was made without Debtors receiving reasonably equivalent value in exchange for the Transfer, and that the Debtors intended to incur, or reasonably should have believed that the Debtors would incur, debts beyond Debtors' ability to pay as they became due.

26. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(B).

## FIFTH CLAIM FOR RELIEF
## RECOVERY OF AVOIDED TRANSFER
## [11 U.S.C. § 550(a)]

27. Plaintiff realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

28. By reason of the foregoing, Plaintiff is entitled to recover the Property or its value from the Defendant pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

1. For a judgment that the Transfer be avoided;

ON THE FIFTH CLAIM FOR RELIEF

2. For a judgment that the Gift of Equity, or its respective value, be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550;

ON ALL CLAIMS FOR RELIEF

3. For attorney's fees; and

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

Dated: March 3, 2020         **LAW OFFICES OF LARRY D. SIMONS**

　　　　　　　　　　　　　　　　/s/ Larry D. Simons
　　　　　　　　　　　　　　　Larry D. Simons
　　　　　　　　　　　　　　　Attorneys for Howard B. Grobstein, Chapter 7 Trustee

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Howard B. Grobstein, Chapter 7 Trustee | **DEFENDANTS**<br>Alicia Aitken |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Larry D. Simons, 15545 Devonshire Street, Suite 110, Mission Hills, CA 91345; (818) 672-1778 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>XX Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor XX Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance of Fraudulent Transfer pursuant to § 548 and recovery of transfer pursuant to § 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| X 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| ☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other |

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

**FRBP 7001(3) – Approval of Sale of Property**

**FRBP 7001(7) – Injunctive Relief**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)   ☐ ☐ 71-Injunctive relief – imposition of stay   72-Injunctive relief – other

**FRBP 7001(4) – Objection/Revocation of Discharge**

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

☐ 81-Subordination of claim or interest

**FRBP 7001(5) – Revocation of Confirmation**

**FRBP 7001(9) Declaratory Judgment**

| | |
|---|---|
| ☐ 51-Revocation of confirmation<br><br>FRBP 7001(6) – Dischargeability | ☐ 91-Declaratory judgment<br><br>FRBP 7001(10) Determination of Removed Action |
| ☐☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, |
| ☐ 01-Determination of removed claim or cause | actual fraud    Other |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 29,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Timothy and Esmeralda Aitken | BANKRUPTCY CASE NO.<br>6:19-bk-10556 MH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Cent. Dist. of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Houle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| | |
|---|---|
| DATE<br>03/03/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Larry D. Simons, Attorney for Plaintiff |